[Cite as *State v. Giesige*, 2024-Ohio-5863.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 3-24-12

   v.

JASON GIESIGE,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 23-CR-0339

Judgment Affirmed in Part and Reversed in Part

Date of Decision: December 16, 2024

APPEARANCES:

    *William T. Cramer* for Appellant

    *Ryan M. Hoovler* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Jason Giesige ("Giesige"), appeals the judgment of conviction and sentence entered against him in the Crawford County Court of Common Pleas, following his plea of guilty to Aggravated Trafficking in Drugs. On appeal, Giesige argues that the trial court erred in the imposition of post-release control at the time of sentencing. For the reasons set forth below, we reverse the judgment of the trial court relating to the imposition of post-release control.

*Procedural History*

{¶2} This case originated on November 21, 2023, when a Crawford County grand jury returned a six-count indictment against Giesige, charging him as follows: Count 1 – Aggravated Possession of Drugs, a second-degree felony in violation of R.C. 2925.11(A) and (C)(1)(c); Count 2 – Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a); Count 3 – Possession of Drugs, a first-degree misdemeanor in violation of R.C. 2925.11(A) and (C)(2)(a); Count 4 – Selling, Purchasing, Distributing, or Delivering Dangerous Drugs, a first-degree misdemeanor in violation of R.C. 4729.51(E)(1)(c) and (H); Count 5 – Possessing Drug Abuse Instruments, a second-degree misdemeanor in violation of R.C. 2925.12(A) and (C); and Count 6 – Illegal Use or Possession of Drug Paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1) and (F)(1).

{¶3} On November 22, 2023, an arraignment was held and Giesige entered a plea of not guilty to all counts in the indictment.

{¶4} On January 17, 2024, the case was resolved with a negotiated plea of guilty. Giesige plead guilty to Count 1 of the indictment and, in exchange, the State of Ohio agreed to dismiss the remaining counts. Pursuant to the plea agreement, both parties reserved the right to be heard at sentencing. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶5} On February 21, 2024, a sentencing hearing was held. At the start of the hearing, it was noted that the parties had come to agree upon a joint sentencing recommendation of five to seven and a half years in prison. As that joint sentencing recommendation was reached after the negotiated guilty plea had been entered and because both parties had, at the time of the guilty plea, anticipated being heard at the time of sentencing, the trial court engaged in an abbreviated Crim.R. 11-type colloquy prior to proceeding with the sentencing hearing, to ensure that Giesige had voluntarily agreed to the jointly-recommended sentence. After the trial court was satisfied that the joint sentencing recommendation was appropriate, Giesige was sentenced to a minimum term of five years in prison, up to a potential maximum of seven and a half years.

{¶6} On April 16, 2024, Giesige filed the instant appeal, in which he raises one assignment of error for our review.

**Assignment of Error**

**The trial court violated R.C. 2929.19(B)(2)(d) by failing to properly notify appellant of his postrelease control requirements during the sentencing hearing.**

{¶7} In the sole assignment of error, Giesige asserts that the trial court erred in the term of post-release control that was imposed as part of his sentence. Specifically, Giesige argues that the trial court erroneously ordered at the time of sentencing that Giesige was subject to three years of discretionary post-release control, when the controlling statute actually provides for eighteen months to three years of mandatory post-release control for the offense of which Giesige was convicted. Upon review, we find that Giesige is correct.

*Analysis*

{¶8} The imposition of post-release control is governed by R.C. 2967.28. Under that statute, post-release control may be either mandatory or discretionary, and the length of the post-release control term varies, depending upon the offense for which an offender is being sentenced.

{¶9} R.C. 2967.28(B) sets forth the length of the terms of mandatory post-release control that must be imposed for offenses of the levels or types specified. *See* R.C. 2967.28(B)(1) through (B)(4). Pursuant to R.C. 2967.28(B)(3), a defendant such as Giesige who is convicted of a felony of the second degree that is not a felony sex offense is subject to a mandatory post-release control term of "up to three years, but not less than eighteen months."

{¶10} Pursuant to R.C. 2929.19(B)(2)(d), it is mandated that "[a]t the sentencing hearing, the court, before imposing sentence, shall * * * [n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced, other than to a sentence of life imprisonment, for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense."

{¶11} In *State v. Jordan*, 2004-Ohio-6085, the Supreme Court of Ohio confirmed that, "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." *Id*., at paragraph one of the syllabus. "When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing. *Id*., at paragraph two of the syllabus.[1]

{¶12} In this case, Giesige was sentenced for a felony of the second degree that, not being a felony sex offense, subjects Giesige to a mandatory post-release

---

[1] Subsequently, in *State v. Harper*, 2020-Ohio-2913, the Ohio Supreme Court clarified that a trial court's failure to adhere to the statutory requirements relating to post-release control notifications at sentencing renders the resulting sentence voidable, not void.

control term of "up to three years, but not less than eighteen months", pursuant to R.C. 2967.28(B)(3). However, the transcript of the February 21, 2024 sentencing hearing reflects that the trial court erroneously ordered, when imposing sentence, that Giesige be "subject to three years Discretionary Post-Release Control." (2/21/24 Tr., 16). In conflict with that post-release control order made from the bench, the February 21, 2024 judgment entry of sentencing filed by the trial court reflects that Giesige is subject to a mandatory period of post-release control for a minimum of eighteen months and up to a maximum of three years. Thus, while the sentencing judgment entry reflects the correct post-release control term required in the case by R.C. 2967.28(B)(3), the post-release control term ordered by the trial court on the record at the sentencing hearing was incorrect.

{¶13} On appeal, the State of Ohio asserts that the trial court correctly advised Giesige at sentencing of the proper mandatory post-release control period of eighteen months to three years, pointing to Page 8 of the sentencing transcript in support of that assertion. However, a review of that portion of the transcript reflects that the accurate reference to the required term of post-release control was made by the trial court when engaging in the abbreviated Crim.R. 11-type colloquy prior to proceeding with the sentencing hearing, in order to ascertain that the newly agreed-upon joint sentencing recommendation was voluntary on Giesige's part. While the trial court may have accurately specified the required post-release control term at that time, the record clearly reflects, as noted above, that when actually imposing

sentence in the case, the trial court notified Giesige that "[y]ou're subject to three years Discretionary Post-Release Control." (2/21/24 Tr., 16).

**{¶14}** Thus, as the trial court failed to accurately notify Giesige at the sentencing hearing of the post-release control term to which he would be subjected as part of his sentence, we find that reversal of the post-release control portion of Giesige's sentence is required by R.C. 2929.19(B)(2)(d) and *State v. Jordan*, *supra*.

**{¶15}** The assignment of error is sustained.

*Conclusion*

**{¶16}** Having sustained the assignment of error, the judgment of the Crawford County Court of Common Pleas is affirmed in part and reversed in part. The judgment of conviction is affirmed, but the case is remanded for resentencing, limited to the proper imposition of post-release control. See *State v. Fischer*, 2010-Ohio-6238.

**Judgment Affirmed in Part,**
**Reversed in Part**

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlm**